Spear, J.
It is contended by plaintiff in error that he had the right of appeal without bond by virtue of that provision of the statute (section 6408, Eevised Statutes), which authorizes a trustee who has given bond to appeal without bond Avhere he “appeals im the interest of the trust.” That is, where one standing in a “fiduciary capacity” who has given a fiduciary-bond in this state for the faithful discharge of hist duties, desires to appeal in the interest of his trust, he is not required to give an appeal bond, but is allowed to .carry the case up by giving the written notice required by statute. It is conceded that the plaintiff in error gave a fiduciary bond, and that he gave the necessary written notice. Against this proposition, and in support of the judgment, the claim is that the plaintiff in error was not “a party in a fiduciary capacity” as contemplated by the statute; that his sole duty was to render a final account of Elma Sidwell’s administration of the Plummer Sidwell estate within six months after his appointment, as required by section 6175a, Eevised Statutes, and, on doing that, his *466 responsibility ended; that it was not his account, nor the estate of Elma Sidwell, that was the subject of investigation in the probate court, but the estate of Plummer Sidwell, and hence an appeal could not be taken by such executor in the interest of the trust; that the letter as well as spirit of the statute requires-a bond for the protection of the adverse party., and that an appeal without an appeal bond would defeat this object of the statute, because the executor’s bondsmen would not be liable to the estate of Plummer Sid-well for any default of his deceased executrix.
The. proposition appears on its face plausible, but it embraces, as we think, a number of untenable assumptions, some of which we will endeavor to point-out. There is no warrant in the provisions of the statute, and apparently none in reason, for the proposition that the executor’s duty is wholly performed Avhen he files an account; the’ duty to file which is imposed by section 6175», Revised Statutes. Ilis further duty is left, as it must always be left, where an account is assailed, to be determined by the exercise of a sound, reasonable discretion. If the estate he represents appears to him, in the exercise of discretion and under the. advice of counsel, to have been unjustly assailed and the judgment rendered against it to be wrong, it is as clearly incumbent upon such party, in the faithful discharge of his duties, to use all reasonable means to defend .the estate and correct the Avrong as it would be Avere the estate in any other manner the subject of a wrong judgment. It is true that the estate under investigation, upon the 'face of the record, is that of Plummer Sichvell, deceased, but it is a wholly gratuitous assumption to assert that no other estate Avas the subject of inquiry. Necessarily the estate of Elma Sidwell, as represented by her *467 executor, was involved. It was the very account rendered by the executor of that estate which was the subject of exception, and it was that estate which was the subject of adverse judgment True, also, is it that the statute (section 6408, Revised Statutes),,in general provides that in case of appeal a written undertaking shall be given to the adverse party, but the assumption that this general requirement overrides the exception contained in the statute and so rules this case subordinates to the general provision the clearly defined exception and begs the very question to be determined. Again, the assumption that the question at issue is to be tested by a determination of whether or not the executor’s bondsmen would be liable for the payment of the amount due in case the exceptions should be sustained by the appellate court, is unwarranted. Of course they would not necessarily be so liable, nor would the executor himself. They would, however, be liable for the faithful discharge of his duties by their principal, and that is all he Avould be liable for. The fact that, if Elma SidAvell herself were the pariv rather than her executor, she would be liable for the judgment and could not ¿ppeal Avithout bond, is urged as an important consideration. It cannot be of importance. Her appeal would not, in such case, be in the interest of the trust, but in her own interest; hence she would not come within the terms of the statute. But, as already stated, the plaintiff in error, the executor, would not himself be liable for the judgment, and hence his appeal without bond would not have the effect to vacate a judgment to which any personal liability attached. Some way it appears to be taken for granted that it, was the executor’s duty to furnish security for the debts of the estate, for that is Avhat would result if he were re *468 quired to give an appeal bond. Since when, we would like to know, has it been regarded as the duty of an executor to assume the debts of the estate which he represents or to give bond for their payment? The proposition is novel at least. It has heretofore been supposed that an executor performs his entire duty to creditors when he applies the proceeds of the assets of the estate to the payment of their claims in accordance with the provisions of the statute; and a construction of the statute which would forbid to the executor the advantage of an appeal except on condition that he assume the payment of disputed claims, and furnish bondsmen to make- his obligation good, would seem strained and unreasonable. It appears further to be assumed in this proposition that, within the purview of section 6408, there cannot be more than ■one trust involved as a subject of inquiry in the same ■action. Surely there is no warrant for this claim. It is clearly inconsistent with the comprehensive terms of the preceding section which provides from what judgments and orders appeals may be taken, and from that of 6408, which applies to any person (i. e., trustee), “appealing from any judgment or order in any court, or before any tribunal,” etc. This broad language does not admit of the limitation contended for by counsel. The present case itself furnishes an instance showing that more than one trust may be the subject of inquiry, although one rather than the other may be regarded as the principal one. To sum up, we think it clear that the executor of Elma Sid-well was a party to the present litigation “in a fiduciary capacity” within the meaning of the statute. To ■hold otherwise would be to engraft an exception on -the exception of the statute where none is provided by it. When general language is used in a statute it *469 is not the province of courts to carve out exceptions, where such are neither implied nor necessary to effect the object of the statute, and especially not to en-graft an exception on an exception.
Reliance is placed by counsel for defendant in error upon the case of Collins, Exr., v. Millen, 57 Ohio St., 289. The main question in that case was as to the-right of an executor to appeal without bond from a judgment of the probate court sustaining exceptions, to his account in which he had charged himself with the receipt of certain moneys and claiming credit for certain payments made on behalf of the trust. In the common pleas his appeal was dismissed, and that judgment was affirmed by the circuit court and by this court, the ground being that he did not appeal in the interest of the trust but in his own interest. The holding is that where such a party “appeals from a judgment affecting adversely his own pecuniary interests, he is required by section 6408, Revised Statutes, to give an appeal bond.” Manifestly the test was: did he appeal in the interest of the trust which , he represented? No other question was involved. In (he present case tbe executor did not appeal in his own interest; he had no personal interest in the controversy, but his appeal was clearly in the interest of tho trust which he represented. Neither the decision in the above case, nor the reasoning of the judge who reported it, when his entire opinion is considered, aids, the counsel’s contention.
But, aside from the foregoing, a sufficient answer is found in the statute itself. The section is: “The person desiring to take an appeal, as provided in the preceding section, shall, within twenty days after the making of the order, decision, or decree from which he desires to appeal, give a written undertaking, exe* *470 cuted on the part of the person appealing, to the adverse party, with one or more sufficient sureties, to be approved by the probate judge, and conditioned that the party appealing shall abide and perform the order, judgment, or decree of the appellate court, and shall ,pay all moneys, costs, and damages, which may be required of or awarded against said party, by such court; when the order, decision, or decree, from which the appeal is taken,'directs the payment of money, the undertaking shall be in double the amount thereof, and in other eses, in such amount as shall be prescribed by the probate court; but Avhen the person appealing, from any judgment or order in any court, or before any tribunal, is a party in a fiduciary capacity, in which he has given bond within the state for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving Avritten notice to the court of . his intention to appeal Avithin the time limited for giving bond.” A simple reading of these provisions would seem to be all that is necessary to show that the plaintiff in error was not required to give a_ appeal bond. As executor of Elma Sidweli he stood “in a fiduciary capacity” because the interest he represented was that of his trust and not his own. He could have no possible personal interest of a pecuniary kind involved in the controversy. He had given bond within the state for the faithful discharge of his duties, and he had given also the proper written notice, and thus came within the very terms of the exception of the statute. Of course the question is what trust is intended by the phrase “the trust.” The trust just before referred to in the section is the trust for the faithful discharge of the duties of which the executor had given bond. The *471 rules of grammar as well as reason compel the conclusion that it is that trust which is described as “the trust.” That trust is the immediate antecedent; no other trust is specifically mentioned, and the cláim that some other tr-ust is intended is far fetched; it does violence to the plain words of the statute, and does not seem to us to be warranted by any accepted rule of construction. This conclusion is strengthened by a consideration of the history of legislation on the subject. It is stated by Bradbury, J., in .Collins, Exr., v. Millen, supra (p. 293, 4), that: “An inspection of the annual volumes of our statutes shows that from quite an early period appeals were allowed to be taken by executors and administrators who had given bond with sureties in this state without requiring of them appeal bonds, and this too, without reference to the question, whether the judgment appealed from favorably or unfavorably affected the estate.” And (p.'297), that “previously to the adoption of the Revised Statutes in 1878, the statutes permitted an executor, etc., without giving an appeal bond, to take an appeal from a judgment affecting the estate, provided he had given bond in this state with sureties.” So that the effect of the amendment, and the only effect, was to establish the distinction between an appeal in a fiduciary interest and an appeal in a personal interest, and very naturally and properly to require that an appeal in the latter interest should be accompanied by an appeal bond.
Plaintiff in error insists, also, that the administrator de bonis non had no standing in law to interpose exceptions; that his only remedy was on the bond of Elma Sidwell, deceased. This point was not made in either court below, and we do not pass upon it.
*472 Our conclusion is that the executor, the plaintiff in error, had the right under the statute to appeal without bond, and that the circuit court and the common pleas were in error in holding otherwise. The judgments will be reversed and the cause remanded to the court of common pleas with directions to overrule the motion to dismiss the appeal and for further proceedings according to law.

Reversed.

Burket, C. J., Shauck and Price, JJ., concur.